UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ecobee Technologies ULC,<br><br>    Plaintiff,<br><br>v.<br><br>Jackson Systems, LLC, d/b/a HVAC Surplus Store,<br><br>    Defendant. | Case No.: _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PERMANENT INJUNCTION AND DAMAGES

Plaintiff ecobee Technologies ULC ("ecobee" or "Plaintiff") by and through its undersigned counsel, complains of defendant Jackson Systems, LLC's ("Defendant") conduct and alleges upon information and belief as follows:

### NATURE OF THIS ACTION

1. Plaintiff designs, manufactures, and sells, *inter alia*, a variety of smart thermostats, remote sensors and cameras for residential and commercial applications (hereinafter the "Product") branded utilizing the "ecobee" trademark (as described below).

2. Plaintiff seeks injunctive relief and monetary damages for Defendant's unfair competition, false designation of origin, and false advertising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, arising from Defendant's infringing conduct as alleged herein.

3. Defendant offers for sale and sells purportedly "new" Product through websites, including but not limited to, Amazon.com. However, the Product sold by Defendant is not in "new" condition as advertised and is instead used or liquidated Product.

4. Moreover, upon information and belief, some of the Product sold by Defendant are "Pro" Product designed and marketed as products meant for sale to professional installers (such as contractors).

5. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of consumers and Plaintiff.

6. As a result of Defendant's actions, Plaintiff is suffering a loss of the enormous goodwill that it has created in its trademarks and is losing profits from lost sales of products. This action seeks permanent injunctive relief and damages for Defendant's infringement and unfair competition.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

8. This Court has supplemental jurisdiction over the pendant state law claims pursuant to 28 U.S.C. § 1367(a).

9. Defendant is subject to personal jurisdiction in the Commonwealth of Massachusetts and this District pursuant to Mass. Gen. Laws ch. 223A §3 because (a) Defendant has sold numerous products into the Commonwealth and this District; (b) Defendant has caused tortious injury to ecobee's trademarks within the Commonwealth and this District; (c) Defendant practices the unlawful conduct complained of herein, in part, within the Commonwealth and this District; (d) Defendant regularly conducts or solicits business within the Commonwealth and this District; (e) Defendant regularly and systematically directs electronic activity into the

Commonwealth and this District with the manifest intent of engaging in business within the Commonwealth and this District, including the sale and/or offer for sale to Internet users within the Commonwealth and this District; and (f) Defendant enters into contracts with residents of the Commonwealth and this District through the sale of items on various online retail platforms and in Internet auctions.

10. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## PARTIES

11. Plaintiff ecobee Technologies ULC maintains an office at 25 Dockside Drive, Toronto, Ontario, which is the headquarters of its ecobee business line.

12. Defendant Jackson Systems purports to be an Indiana LLC. It does business or has done business and sold or offered to sell Products to consumers, within the Commonwealth of Massachusetts through various online commerce sites, including, but not limited to, Amazon.com, using the seller name "HVAC Surplus Store" which is assigned Amazon ID A30TEZTM4GX3KV.

## FACTS

A. ecobee's Authorized Reseller Network

13. To create and maintain goodwill among its customers, Plaintiff has taken substantial steps to ensure that ecobee-branded products are of the highest quality. As a result, and as described herein, its ecobee Mark has become widely known and recognized throughout Massachusetts, the United States, and the world as a manufacturer of high quality products.

14. One of the most significant steps taken in this regard is Plaintiff's development of a nationwide network of exclusive and authorized Resellers ("Authorized Resellers" and the "Authorized Reseller Network").

15. As a prerequisite to becoming part of the carefully selected Authorized Reseller Network, Plaintiff prohibits the transshipment, diversion, or transfer of any ecobee Products to any other party.

16. Plaintiff's requirement that each of its Authorized Resellers agree not to transfer any Product to any other party is well known in the retail industry, particularly among retailers of smart thermostats and residential remote sensors and cameras. Upon information and belief, Defendant was fully aware of this at all relevant times.

**B. Trademark Usage**

17. On November 17, 2009, the U.S. Patent and Trademark Office ("USPTO") issued Reg. No. 3,710,918 for use of the ecobee mark on "automated management of residential and commercial buildings" (hereinafter, the "ecobee Mark"):

| Mark | Reg. Date | Reg. No. | Goods/Services |
|------|-----------|----------|----------------|
| ECOBEE | Nov. 17, 2009 | 3,710,918 | Computer software for automated management of residential and commercial buildings, namely, heating, cooling, ventilation, electrical appliances, electrical outlet fixtures, lighting fixtures, entertainment systems, security systems, photovoltaic cells, wind turbines and water irrigation systems; electronic integrated control system featuring hardware and software for automated management of residential and commercial buildings, namely, heating, cooling, ventilation, electrical appliances, electrical outlet fixtures, lighting fixtures, entertainment systems, security systems, photovoltaic cells, wind turbines and water irrigation systems; computer hardware comprised of wire-based and wireless transmitters, receivers, sensors, keypads, switches, controllers, hubs, routers, remote controls, cables, links, adapters, connectors, interfaces, junction boxes, dimmers, and ballasts. |

18.   The ecobee Mark has been in continuous use since at least 2009.  Said registration is in full force and effect, and the ecobee Mark is incontestable pursuant to 15 U.S.C. § 1065. The federal trademark registrations were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of the validity of the ecobee Marks.

19.   ecobee utilizes several other federal trademark and service mark registrations, many of which employ the ecobee Mark.  Said registrations are in full force and effect.  All of ecobee's trademarks, including the ecobee Mark, are collectively referred to as the "ecobee Marks."

20.   Plaintiff advertises, distributes, and sells its products to consumers under the ecobee Marks.

21.   Plaintiff has also acquired common law rights in the use of the ecobee Marks throughout the United States.

316965468.2

22. Plaintiff has invested significant time, money, and effort in advertising, promoting, and developing the ecobee Marks throughout the United States and the world. Plaintiff has also implemented an Authorized Reseller Network in order to guarantee that Product sold to consumers meets high standards of quality control. As a result of such actions, Plaintiff has established substantial goodwill and widespread recognition in its ecobee Marks, and those marks have become associated exclusively with Plaintiff and its Product by both customers and potential customers, as well as the general public at large.

### C. Defendant's Infringing and Improper Conduct

23. Defendant has sold and is currently selling Product via online retail platforms, including, but not limited to, Amazon.com. Defendant represents that the Products it lists for sale on Amazon.com and other websites are "new."

24. Defendant offers for sale and sells Product using the ecobee Marks.

25. Plaintiff has never authorized or otherwise granted Defendant permission to use the ecobee Marks in the sale of its Products or otherwise.

26. By selling Products as "new," Defendant is representing to consumers that the products they purchase from Defendant will be subject to the same quality control standards as Product sold by Plaintiff or its Authorized Resellers, when in fact they are not.

27. Rather than receiving a "new" Product from Defendant, a consumer instead receives used or liquidated Product.

28. Similarly, rather than receiving a "new" Product as advertised by the Defendant, a consumer instead often receives a "Pro" line of Product meant for sale to professional installers (such as contractors).

29. The "Pro" line of Product differs materially from the retail Product in that, *inter alia*, its packaging is different and its installation instructions are different as the Product is intended for initial use by a professional installer rather than a consumer.

30. Plaintiff's "Pro" line of Product is not intended to be sold to retail consumers due to these differences.

31. Defendant's continued advertisement, display, and sale of Product bearing the ecobee Marks has harmed, and continues to harm, Plaintiff and its relationships with its Authorized Resellers and consumers.

32. To obtain the inventory of Product Defendant is offering for sale, Defendant intentionally sought out, directly or indirectly, and purchased Product from one or more Authorized Resellers.

### D. The Likelihood of Confusion and Injury Caused by Defendant's Actions

33. Defendant's actions substantially harm Plaintiff by placing materially different Product into the stream of commerce in the United States.

34. Defendant's actions substantially harm Plaintiff and its consumers who ultimately purchase Defendant's materially different and falsely advertised Product believing them to be the same genuine, high-quality "new" Product that they would receive from Plaintiff or an Authorized Reseller.

35. Defendant's conduct results in consumer confusion as well as the dilution of Plaintiff's goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

36. Defendant's sale of Product bearing the ecobee Marks without the substantial and specific quality controls that Plaintiff requires of its Authorized Resellers is likely to cause confusion among consumers regarding Plaintiff's sponsorship or approval of those products.

37. Defendant's actions substantially harm consumers who purchase Defendant's products believing they are protected by the substantial quality controls that they have come to expect from Plaintiff. Defendant's actions cause consumers to not receive a high-quality Product as they intended.

38. Due to the differences between Plaintiff's "Pro" line of Product and Plaintiff's retail line, Defendant's sale of "Pro" Product to retail consumers causes harm to Plaintiff's reputation and the consumer's experience with the brand.

39. As a result of Defendant's actions, Plaintiff is suffering the loss of the enormous goodwill it created in the ecobee Marks.

40. Defendant is likely to continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable harm.

## COUNT I
### Unfair Competition, False Advertising and False Designation of Origin in Violation of 15 U.S.C. § 1125(a)

41. ecobee hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

42. This is a claim for federal trademark infringement under 15 U.S.C. § 1125(a).

43. Plaintiff engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the ecobee Marks, throughout the United States.

44. The ecobee Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing Plaintiff's products and services.

45. By selling or distributing Products using the ecobee Marks as alleged herein, Defendant is engaging in unfair competition, false advertising, falsely designating the origin of its goods and services, and/or falsely representing sponsorship by, affiliation with, or connection to ecobee and its goods and services in violation of 15 U.S.C. § 1125(a).

46. By advertising or promoting Product using the ecobee Marks as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

47. Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to ecobee's goodwill and reputation as symbolized by the ecobee Marks, for which ecobee has no adequate remedy at law.

48. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the ecobee Marks, thereby causing immediate, substantial, and irreparable injury to Plaintiff.

49. Accordingly, Plaintiff is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

50. As a direct and proximate result of Defendant's actions, Plaintiff has been, and continues to be, damaged by Defendant's activities and conduct.  Defendant has profited thereby, and unless its conduct is enjoined, Plaintiff's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff ecobee Technologies ULC prays for judgment in its favor and against Defendant providing the following relief:

1.  Finding that, as to Count I, Defendant's unauthorized sale of Products constitutes unfair competition, false advertising, and false designation of origin, in violation of 15 U.S.C. § 1125(a) resulting in Defendant, its officers, agents, servants, employees, attorneys, and any other persons or entities acting in concert or participation with Defendant, including but not limited to any online platform such as Amazon.com or any other website, website host, website administrator, domain registrar, or internet service provider, being preliminarily and permanently enjoined from:

    a. using the ecobee Marks;

    b. acquiring, or taking any steps to acquire, any Products acquired in violation of ecobee's Authorized Reseller Agreements, or through any other improper or unlawful channels;

    c. selling, or taking any steps to sell, any Products unless Defendant can substantiate with documentary evidence that the specific Product they are listing for sale was not acquired in violation of ecobee's Authorized Reseller Agreements, or through any other improper or unlawful channels;

    d. advertising any Product as being in "new" condition;

    e. advertising or selling any Pro line of Product into retail sales channels;

    f. engaging in any activity constituting unfair competition with Plaintiff;

g.  inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

2. Award ecobee its damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

3. Award ecobee its reasonable attorneys' fees in bringing this action as allowed by law;

4. Award ecobee pre-judgment and post-judgment interest in the maximum amount allowed under the law;

5. Award ecobee the costs incurred in bringing this action; and

6. Grant ecobee such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

ecobee Technologies ULC hereby requests a trial by jury on all causes of action so triable.

Respectfully submitted,

Plaintiff,
ecobee Technologies ULC,
by its attorney,


*/s/ Morgan T. Nickerson*
Morgan T. Nickerson (BBO # 667290)
morgan.nickerson@klgates.com
K&L Gates LLP
1 Congress Street, Suite 2900
Boston, MA 02114
(617) 261-3100
(617) 261-3175

Dated: November 7, 2023

316965468.2